1

2

3

4

5

6

7             IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11  SEAN D. CLARK,

12          Petitioner,              No. 2:11-cv-3334 MCE AC P

13      vs.

14  WILLIAM KNIPP,                   <u>ORDER AND</u>

15          Respondent.             <u>FINDINGS & RECOMMENDATIONS</u>

16  _____/

17          Petitioner is a state prisoner who proceeds pro se and in forma pauperis on his

18  petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Respondent has moved to

19  dismiss the petition, alleging that it is untimely filed.  <u>See</u> ECF No. 16.  Petitioner opposes the

20  motion to dismiss, and has additionally filed motions for discovery, for an evidentiary hearing,

21  for counsel, and to amend and to supplement his petition.  <u>See</u> ECF Nos. 12, 18, 28, 29, 30, 31,

22  35.  For the reasons outlined below, the undersigned recommends that respondent's motion to

23  dismiss the petition as untimely be granted, that petitioner's motions to amend and to supplement

24  be granted in part and denied in part, and that petitioner's remaining motions be denied.

25          **BACKGROUND**

26          On April 15, 1998, petitioner was convicted of felony Second Degree Robbery in

1

1  violation of Penal Code § 211 after he pled no contest pursuant to a plea agreement.  Clerk's

2  Transcript ("CT"), Lod. Doc. No. 16, at 0067-0074.  According to the Post Sentence Report, on

3  September 7, 1997, petitioner robbed a store in Oroville.  CT 0076.  The report reads that

4  petitioner was seen on video from the store's surveillance system, and that petitioner's

5  fingerprints were found from the cash register drawer and counter top.  Id.

6         As part of the plea agreement, the prosecutor agreed not to re-charge petitioner

7  with a previously dismissed charge that petitioner had robbed Donna Walberg at Bar X Liquors

8  on September 9, 1997.  CT 0069; Reporter's Transcript ("RT"), Lod. Doc. No. 17, at 11:14-26;

9  ECF No. 20 at 23.  The prosecution additionally agreed to dismiss three prior serious felonies

10  alleged in the information.  CT 0067, 0069-0075; RT 11:2-7.

11         Also as part of the agreement, petitioner waived his rights to a probation report

12  and to a later sentencing hearing, and requested that he be sentenced on the day of his plea.  CT

13  0067, 0069-75; RT 11:8-13.  Petitioner further admitted two prior strikes, for a robbery

14  committed in 1989 and a robbery committed in 1992.  CT 0069.  Petitioner agreed not to move

15  to strike the strikes.  CT 0069; RT 11:8-13.  On April 15, 1998, the court sentenced petitioner to

16  his expected sentence of 25 years to life. CT 0067-68, 0074; RT 22:3-7.

17         Petitioner filed an appeal with the state Court of Appeal, Third Appellate District,

18  which he subsequently abandoned.  Lod. Doc. No. 2.  The state Court of Appeal dismissed the

19  appeal on August 12, 1998.  Lod. Doc. No. 3.

20         On July 21, 1999, petitioner filed a habeas petition with the state Superior Court,

21  arguing that his three strikes sentence violated the Ex Post Facto Clause, the Fourteenth

22  Amendment's due process clause, and his plea agreement.  Lod. Doc. No. 4 ("First State

23  Petition").  On August 27, 1999, the state Superior Court denied the petition finding it was

24  without legal merit.  Lod. Doc. No. 5.

25         On August 21, 2011, nearly twelve years after denial of the First State Petition,

26  petitioner filed a second habeas petition with the state Superior Court.  Lod. Doc. No. 6

2

1  ("Second State Petition").  In the Second State Petition, petitioner argued that his Fifth, Sixth,

2  and Fourteenth Amendment rights were violated when the prosecutor used "illegal means to

3  induce petitioners [sic] plea bargain by threatening to refile charge on petitioner for which

4  prosecution did not have probable cause to file.  Depriving Petitioner of Due Process."  Lod.

5  Doc. No. 6 at 7.

6          In essence, petitioner alleges that the prosecutor withheld exculpatory evidence

7  from petitioner, because the prosecutor failed to advise petitioner that someone named Timmy

8  Dean Osby had been indicted on February 4, 1998 for a robbery at the Bar X Liquor Store.  Lod.

9  Doc. No. 6 at 8-9.[1]  Petitioner claims that, even though Mr. Osby was convicted for the robbery

10 on March 25, 1998, the prosecution later used "that very same charge" against petitioner in order

11 to induce his plea bargain.  Id.  Petitioner argues that the prosecutor would have had no probable

12 cause to refile any charges against petitioner in connection for petitioner's alleged robbery of the

13 Bar X, and so his plea was induced by false information, and was coerced, rendering the plea

14 involuntary and invalid.  Id. at 12.

15          Petitioner additionally argued that he received ineffective assistance of counsel

16 because counsel failed to conduct a reasonable investigation of the Bar X Liquor robbery.  Id. at

17 19.

18          On September 9, 2011, the Superior Court denied the Second State Petition,

19 finding that "[t]he facts alleged in the petition, if true, fail to establish a prima facie case for

20 relief," citing In re Duvall, 9 Cal.4th 464, 474-75 (1995).  Lod. Doc. No. 7 at 1.  The Superior

21 Court further found that "[p]etitioner has failed to support that newly discovered evidence casts a

22

23          [1] Petitioner does not provide the date of the robbery for which Mr. Osby was convicted.
   According to the transcript of Mr. Osby's preliminary hearing, which occurred on January 21,
   1998, Mr. Osby robbed the Bar X Liquor store on January 2, 1998.  Lod. Doc. 18 at 4:15-7:4.
24 Donna Walberg was the testifying witness at the preliminary hearing, and had been Mr. Osby's
   girlfriend.  Id. at 2:23-3:4.  Ms. Walberg also testified that the store had previously been robbed
25 by someone she did not know.  Id. at 8:19-8:23.  Ms. Walberg had identified petitioner as the
   person who had robbed her on September 9, 1997 (ECF No. 30 at 12, 14), but she could not
26 identify the petitioner in a photo line up (id. at 10).

1  fundamental doubt on the accuracy and reliability of the proceedings, and which if such evidence

2  is credible, 'would undermine the entire prosecution case and point unerringly to innocence or

3  reduced culpability," citing People v. Gonzalez, 51 Cal.3d 1179, 1246 (1990).  Id. at 3.

4          On September 27, 2011, petitioner filed a petition for writ of error coram vobis in

5  the state Court of Appeal.  Lod. Doc. No. 8 ("Third State Petition").  Petitioner raised in the

6  Third State Petition the same arguments he raised in his Second State Petition, adding that he

7  only learned this "newly discovered information" about Mr. Osby's conviction from Mr. Osby

8  himself in 2010.  Lod. Doc. No. 8 at 13, 46.

9          On October 6, 2011, the Court of Appeal denied the Third State Petition without

10  reference to any authority.  Lod. Doc. No. 9.

11          On October 11, 2011, petitioner filed with the state Supreme Court a "Petition for

12  Review to Exhaust State Remedies from the Unpublished Decision of the Third District Court of

13  Appeal, Division One, Affirming a Criminal Conviction."  Lod. Doc. No. 10 ("Fourth State

14  Petition").  In the body of the Fourth State Petition, petitioner stated that the petition was filed

15  solely to exhaust state remedies to permit the petitioner to seek federal habeas corpus relief.  Id.

16  at 4.

17          On October 19, 2011, petitioner filed with the state Court of Appeal a Petition for

18  Writ of Habeas Corpus.  Lod. Doc. No. 12 ("Fifth State Petition").  Petitioner again raised the

19  issue that his plea was coerced, and also that he received ineffective assistance of counsel.  He

20  stated that he had a coram vobis petition for review pending with the state Supreme Court but

21  that he could not raise in that petition his ineffective assistance of counsel claim.  Lod. Doc. No.

22  12 at 6.

23          On October 27, 2011, the state Court of Appeal denied the Fifth State Petition

24  without citation to any authority.  Lod. Doc. No. 13.

25          On November 16, 2011, the state Supreme Court denied the Fourth States Petition

26  without citation to any authority.  Lod. Doc. No. 11.

1    On November 8, 2011, petitioner filed a petition for review with the state

2  Supreme Court seeking to exhaust his state remedies with regard to the Fifth State Petition.  Lod.

3  Doc. No. 14 ("Sixth State Petition").

4    On December 13, 2011, petitioner filed his current federal habeas petition.  ECF

5  No. 1.

6    On January 4, 2012, the state Supreme Court denied the Sixth State Petition

7  without citation to any authority.  Lod. Doc. No. 15.

8    On January 18, 2012, this court ordered petitioner to show cause why the petition

9  should not be dismissed as untimely.  ECF No. 7.  Petitioner's response, filed February 2, 2012,

10  appears to allege that petitioner is entitled to equitable tolling, or to a delayed trigger date under

11  28 U.S.C. § 2244(d)(1)(D):

12      when the Butte County Prosecutor withheld the fact that Timmy
       Dean Osby had already been convicted of the Bar-X-Liquor store
13      crime that is in question here, there was no timely way for the
       petitioner to obtain this above information to exercise due
14      diligence to file this claim before now.  The petitioner received this
       newly discovered information in 2010 by sheer luck or coincidence
15      from Mr. Timmy Dean Osby himself, and if that had not happen,
       the petitioner still to this very day would not have known that Mr.
16      Timmy Dean Osby, had already been held responsible for, and
       convicted of the very same crime the Bar-X-Liquor store robbery
17      that was later used by the Butte County Prosecutor to induce the
       Petitioners [sic] plea on 4-15-1998.

18

19  ECF No. 8 at 2.

20    Petitioner further claims that he is actually innocent of the Bar-X Liquor store

21  robbery, and that the prosecution committed a "Brady violation" by withholding from petitioner

22  information that Mr. Osby had been convicted for the robbery.  Id. at 5, 8.

23    On February 7, 2012, the court discharged the order to show cause, and directed

24  respondent to file a response to the petition.  ECF No. 9.  On April 6, 2012, respondent filed a

25  motion to dismiss the petition as untimely.  ECF No. 16.  Petitioner has filed opposition to the

26  motion (ECF No. 27), as well as motions for discovery (ECF Nos. 12, 18), to appoint counsel

5

(ECF No. 28), for an evidentiary hearing (ECF No. 29), and to expand the record and to

supplement the petition (ECF Nos. 30, 31, 35).  Respondent has replied to petitioner's opposition

(ECF Nos. 23, 25)[2], and the motion to dismiss is now submitted.

**RELEVANT AUTHORITY**

<u>Timeliness</u>

28 U.S.C. § 2244(d)(1) sets forth the relevant statute of limitations:

> A 1-year period of limitation shall apply to an application for a
> writ of habeas corpus by a person in custody pursuant to the
> judgement of a State court.  The limitation period shall run from
> the latest of–
>
> > (A) the date on which the judgment became final by
> > the conclusion of direct review or the expiration of
> > the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an
> > application created by State action in violation of the
> > Constitution or laws of the United States is removed, if the
> > applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right
> > asserted was initially recognized by the Supreme
> > Court, if the right has been recognized by the
> > Supreme Court and made retroactively applicable to
> > cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the
> > claim or claims presented could have been
> > discovered through the exercise of due diligence.

In most cases, the limitations period begins running on the date that the

petitioner's direct review becomes final, pursuant to subsection (d)(1)(A).  In such cases, a

federal petition for writ of habeas corpus ordinarily must be filed within one year after the state

court judgment becomes final by the conclusion of direct review or the expiration of time to seek

---

[2]  Respondent moved for an extension of time to file his reply and a review of the docket reflects that the motion was never adjudicated.  Respondent filed his reply within the time requested in the motion.  The extension motion (ECF No. 23) should be granted, and the reply deemed timely filed.

1    direct review.  E.g., Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010).

2           In this case, petitioner appears to ask the court to measure the statute of

3    limitations under 28 U.S.C. § 2244(d)(1)(D), or from some time in 2010 when petitioner became

4    aware "through sheer luck or coincidence" that Mr. Osby had been indicted and convicted of

5    robbing the Bar Z Liquor store.

6           Statutory Tolling

7           The time during which a "properly filed" application for state post-conviction or

8    collateral review (including California habeas proceedings) is pending does not count toward

9    this one-year period.  28 U.S.C. § 2244(d)(2); Porter v. Ollison, 620 F.3d at 958.  However, a

10   petition filed after the expiration of the statute of limitations has no effect on the timeliness

11   analysis.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924

12   (2003) (state petition filed after expiration of § 2244 period cannot resuscitate expired period);

13   Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003).

14          An application is "properly filed" when its delivery and acceptance are in

15   compliance with the applicable laws and rules governing filings.  Artuz v. Bennett, 531 U.S. 4, 8

16   (2000).  Untimely petitions are not properly filed.  Pace v. DiGuglielmo, 544 U.S. 408, 417

17   (2005) (where state court rejects petition as untimely, it was not "properly filed" and petitioner is

18   not entitled to statutory tolling); Carey v. Saffold, 536 U.S. 214, 225-26 (2002) (if state court

19   rules that petition is untimely, that is "the end of the matter," regardless of whether state court

20   also addressed merits of the claims, or whether timeliness ruling was "entangled" with the

21   merits).

22          Additional tolling rules apply when a petitioner files two sets of state habeas

23   petitions.  Where a petitioner elects to begin a second round of petitions in the Superior Court

24   before completing a full round of review through the highest available state court, petitioner may

25   be entitled to interval tolling between the first and second Superior Court petitions if the second

26   petition is timely, and "the successive petition was attempting to correct deficiencies of a prior

1   petition," because the petitioner "is still making proper use of state court procedures and habeas

2   review is still pending."  See Banjo v. Ayers, 614 F.3d 964, 968-69 (9th Cir. 2010).  A second

3   round of properly filed California habeas petitions may also toll the § 2244(d)(1) period if the

4   second is filed before the federal deadline expires; however, a second round will not toll the

5   AEDPA deadline if the second petition is "untimely or an improper successive petition."  See id.,

6   citing Townsend v. Knowles, 562 F.3d 1200, 1205 (9th Cir.), cert. denied, 130 S. Ct 193 (2009)

7   (untimely state court petition not properly filed).

8           Under California state law, a successive petition presenting additional claims that

9   could have been presented in an earlier collateral petition is, of necessity, a "delayed petition."

10   See In re Clark, 5 Cal. 4th 750, 770 (Cal. 1993).[3]

11           Equitable Tolling

12           A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of

13   limitations only if the petitioner shows: (1) that he has been pursuing his rights diligently; and

14   (2) that some extraordinary circumstances stood in his way and prevented timely filing.  See

15   Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2562 (2010); Ramirez v. Yates, 571 F.3d 993,

16   997 (9th Cir. 2009).  The diligence required for equitable tolling purposes is "reasonable

17   diligence," not "maximum feasible diligence."  See Holland, 130 S.Ct. at 2565; see also Bills v.

18   Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

19           As to the extraordinary circumstances required, the Ninth Circuit has held that the

20   circumstances alleged must make it impossible to file a petition on time, and that the

21   extraordinary circumstances must be the cause of the petitioner's untimeliness.  See Bills, 628

22   F.3d at 1097, citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).  This is a very high

23   threshold, "lest the exceptions swallow the rule."  See Miranda v. Castro, 292 F.3d 1063, 1066

24

25           [3]  There is no California rule which prohibits the filing of a successive petition, though
    such a petition may be procedurally barred.  Cf. 28 U.S.C. § 2244(a), (b) (petitioner seeking to
    file successive petition in federal district court must first obtain authorization from the Court of
26   Appeals) with Cal. Rules of Court R. 4.551 and Cal. Penal Code § 1474.

1  (9th Cir.), cert. denied, 537 U.S. 1003 (2002).

2          For example, the Ninth Circuit has found that a prisoner's lack of access to his

3  legal file may warrant equitable tolling, but that "ordinary prison limitations on [petitioner's]

4  lack of access to the law library and copier (quite unlike the denial altogether of access to his

5  personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file his

6  petition in a timely manner."  Ramirez, 571 F.3d at 998 (prisoner not entitled to equitable tolling

7  for time in administrative segregation when he had only limited access to law library and copier).

8                    Actual Innocence

9          The Ninth Circuit has recently determined that the "actual innocence" exception

10  applies to AEDPA's statute of limitations.  See Lee v. Lampert, 653 F.3d 929, 934 (9th Cir.

11  2011) (en banc).  "[A] credible claim of actual innocence constitutes an equitable exception to

12  AEDPA's limitations period, and a petitioner who makes such a showing may pass through the

13  Schlup gateway and have his otherwise time-barred claims heard on the merits."  Id. at 932.

14          In order to present otherwise time-barred claims to a federal
            habeas court under Schlup [v. Delo, 513 U.S. 298, 115 S.Ct. 851
15          (1995)], a petitioner must produce sufficient proof of his actual
            innocence to bring him "within the 'narrow class of
16          cases...implicating a fundamental miscarriage of justice.'" 513
            U.S. at 314-15, 115 S.Ct. 851 (quoting McCleskey [v. Zant, 499
17          U.S. 467 (1991)], at 494, 111 S.Ct. 1454).  The evidence of
            innocence must be "so strong that a court cannot have confidence
18          in the outcome of the trial unless the court is also satisfied that the
            trial was free of nonharmless constitutional error."  Id. at 316, 115
19          S.Ct. 851.

20          To pass through the Schlup gateway, a "petitioner must show that
            it is more likely than not that no reasonable juror would have
21          convicted him in light of the new evidence....Schlup requires a
            petitioner "to support his allegations of constitutional error with
22          new reliable evidence – whether it be exculpatory scientific
            evidence, trustworthy eyewitness accounts, or critical physical
23          evidence – *that was not presented at trial*.

24  Lee v. Lambert, 653 F.3d at 937-38 (emphasis added).

25  ////

26  ////

1    **ANALYSIS**

2    *The Petition is Untimely*

3           Petitioner argues that he is entitled to a later commencement date of his statute of

4    limitations, because he did not become aware until 2010 that the prosecution in his case had

5    withheld evidence from him, resulting in a coerced plea.  This argument fails for two reasons.

6           First, under 28 U.S.C. § 2244(d)(1)(D), the operative date for the start of the

7    limitations period is "the date on which the factual predicate of the claim . . . could have been

8    discovered through the exercise of due diligence."  In this case, the factual predicate of

9    petitioner's claim – that he is actually innocent of the Bar X Liquor robbery – would have been

10   known to petitioner in 1997 and 1998, when he was charged with the Bar X robbery, at the time

11   the Bar X robbery charges were dropped, and at the time he entered into the plea deal.  Petitioner

12   is not entitled to measure the deadline from the date when he became aware of the potential legal

13   significance of the fact that someone else was convicted of robbing the same liquor store.  See

14   Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001), citing Owens v. Boyd, 235 F.3d 356,

15   359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through diligence could

16   discover) the important facts, not when the prisoner recognizes their legal significance.")

17          Second, even if Osby's recently-discovered conviction for robbing Bar X were

18   deemed the factual predicate for a claim that the prosecution suppressed evidence in order to

19   coerce a plea, petitioner's theory would necessarily fail.  Petitioner has failed to allege or to

20   establish that Mr. Osby was convicted for robbing the Bar X Liquor store *on September 9, 1997*,

21   the date on which petitioner was alleged to have robbed the store.  Instead, the record reflects

22   that Mr. Osby robbed the Bar X Liquor store on *January 2, 1998.*[4]  The record also reflects that

23   the Bar X Liquor store had been robbed before December 31, 1997, by an unidentified

24   perpetrator.  That Mr. Osby was convicted for robbing a store in January, 1998 is consequently

25   
26          [4]  The record reflects that petitioner was in the Butte County Jail from October 14, 1997
     through April 15, 1998.  ECF No. 20 at 27.

1   of no importance to petitioner's plea agreement, and the prosecutor would have been under no

2   obligation to advise petitioner or petitioner's counsel of the indictment and conviction.  Cf., e.g.,

3   Bousley v. U.S., 523 U.S. 614 (1998) (habeas petitioner alleged that he was "actually innocent"

4   of crime to which he pled guilty); Schlup v. Delo, 513 U.S. 298 (1995) (habeas petitioner

5   claimed to be actually innocent of the crime for which he was convicted and sentenced).

6           The court additionally notes that petitioner never identifies the date on which he

7   became aware of Mr. Osby's conviction, or the circumstances of that discovery.  Instead,

8   petitioner only tells the court that sometime in 2010, through sheer luck, he found out that

9   someone named Timmy Dean Osby had been indicted and convicted of robbing the Bar X

10  Liquor store.  Absent such basic information about petitioner's acquisition of his information

11  about Mr. Osby's conviction, the court is unable to determine whether petitioner acted with

12  appropriate diligence to warrant a belated commencement date.  Cf. Holland, 130 S.Ct. at 2555

13  (describing efforts of capital prisoner to communicate with attorney during collateral review

14  period).  However, because the record establishes that Osby's conviction involved a different

15  robbery than the one used as a bargaining chip in petitioner's plea negotiations, there is no

16  reason to conduct further proceedings regarding petitioner's diligence.

17          Petitioner is not entitled to measure the statute of limitations from his discovery

18  of Osby's conviction.  The court will accordingly measure the statute of limitations under 28

19  U.S.C. § 2244(d)(1)(A), the date on which the underlying conviction became final.

20          Petitioner was sentenced on April 15, 1998.  Petitioner abandoned his appeal,

21  which was dismissed on August 12, 1998.  Under state procedural rules, the time for filing a

22  petition for review expired ten days later, on August 22, 1998.  See Rule 8.500 (formerly Rule

23  28), Cal. Rules of Court.  The one year limitations period under 28 U.S.C. § 2244(d)(1)(A)

24  accordingly began the next day, August 23, 1998.  Petitioner's federal habeas petition was due

25  within one year, or by August 23, 1999.  Petitioner did not file his petition until December 13,

26  2011, more than twelve years later, and so the federal petition is untimely unless petitioner

1  qualifies for tolling of the deadline.

2  *Petitioner is Entitled to Thirty-Eight Days of Statutory Tolling*

3  Petitioner is entitled to statutory tolling for the thirty-eight days in the period July

4  21, 1999, through August 27, 1999, when his First State Petition was pending.  Petitioner's

5  federal petition was therefore due on or before September 30, 1999.

6  Petitioner is not entitled to statutory tolling for any subsequently filed petitions,

7  as the Second through Sixth State Petitions were filed after September 30, 1999, and do not

8  resuscitate the expired limitations period.  See Ferguson, 321 F.3d at 823.

9  *Petitioner is Not Entitled to Equitable Tolling*

10  To the extent petitioner seeks equitable tolling because he discovered in 2010 that

11  another person was indicted and convicted for a robbery at the Bar X Liquor store, which

12  robbery he claims the prosecutor wrongfully used to coerce his plea agreement, petitioner's

13  argument must fail for the reasons cited above.

14  Finally, petitioner is not entitled to an "actual innocence" exception to the

15  timeliness requirement under Lee v. Lambert, because he does not allege that he is actually

16  innocent of the crime of which he was convicted – the September 7, 1997 robbery of an

17  unspecified store in Oroville.  Petitioner's claim that he is "actually innocent" of the Bar X

18  Liquor robbery (whether it occurred on September 9, 1997 or on January 2, 1998) would be

19  relevant only if petitioner had been convicted of the Bar X Liquor robbery.  As noted above,

20  petitioner fails to allege that the robbery for which another man was convicted is in fact the same

21  robbery with which petitioner had been originally charged.  The record before this court

22  indicates otherwise.

23  **PETITIONER'S MOTIONS**

24  Petitioner has moved for the appointment of counsel, for an evidentiary hearing,

25  and to supplement the record.

26  Petitioner has moved for discovery of documents related to Mr. Osby's conviction

12

(ECF Nos. 12, 18).  As noted above, Mr. Osby's conviction is irrelevant to this court's

determination of petitioner's challenge to the conviction that petitioner has actually sustained.  In

addition, respondent has provided the court, and the petitioner, with a transcript from the

preliminary hearing for Mr. Osby.  See Lod. Doc. No. 18.  A review of this transcript reflects

that no further discovery is necessary, as the crime for which Mr. Osby was indicted and

convicted took place on a different date from the robbery that petitioner allegedly committed.

This motion will be denied.

In his motions to supplement the record and the petition (ECF Nos. 30, 31),

petitioner alleges that he has recently received information that on October 16, 1997, the clerk at

Bar X Liquors had been unable to identify him in a photo lineup.  Both motions attach the same

documents as exhibits.  The court will permit petitioner to expand the record with this evidence,

although the information is not relevant and does not change the recommendation that the

motion to dismiss be granted.  Because the latter-filed Motion to Amend the Supplemental

Lodging (ECF No. 31) supercedes the previously-filed Motion for Supplemental Lodging (ECF

No. 30), petitioner's initial request will be denied as moot and the amended request will be

granted insofar as it seeks expansion of the record with the attached exhibits.

The "Motion for Expansion of the Record," filed December 18, 2012 (ECF No.

35) will be denied, as the attached exhibits are already in the record.[5]  The accompanying

memorandum appears to offer new theories for relief , but all of these theories involve

petitioner's alleged actual and factual innocence of the Bar X Liquor robbery.  For the reasons

previously explained, these new theories are without merit on a collateral challenge to

petitioner's actual conviction.

Petitioner's motion to appoint counsel (ECF No. 28) will be denied.  As described

---

[5] Exhibits A appears in the Clerk's Transcript; Exhibits B and C were a part of
petitioner's Second State Petition, appearing in the record at Lodged Document No. 6; and
Exhibits D and E were attached to petitioner's Motion for Supplemental Lodging and Motion to
Amend the Supplemental Lodging.

above, this petition is untimely and does not qualify for tolling sufficient to render it otherwise. Moreover, petitioner has failed to present colorable grounds for relief.  While 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require," see Rule 8(c), Fed. R. Governing § 2254 Cases, the undersigned does not find that the interests of justice would be served by the appointment of counsel at the present time.

Petitioner's motion for an evidentiary hearing (ECF No. 29) should be denied. Petitioner moved for a hearing in order to resolve disputed facts surrounding the Bar X Liquor robberies, facts which the undersigned has determined not to be relevant to a determination of whether petitioner is entitled to relief on this petition.[6]  The fact necessary to the undersigned's determination – namely, when petitioner's conviction became final, and when he filed his various petitions – are not in dispute, and are capable of resolution on the record.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY ORDERED that:

1.      The motions for discovery (ECF Nos. 12, 18) are denied;

2.      The motion to appoint counsel (ECF No. 28) is denied;

3.      The Motion for Supplemental Lodging (ECF No. 30) is denied as moot;

4.      The Motion to Amend the Supplemental Lodging (ECF No. 31) is

---

[6]   The undersigned notes that petitioner subsequently moved to supplement the record under Rule 7, in order to provide the court with a full record and to obviate the need for a hearing.  See ECF No. 35 at 2-3.

1     construed as a motion to expand the record with Exhibits A through D,

2     and as such is granted;

3     5.     The motion for an extension of time (ECF No. 23) is granted, and

4     respondent's opposition to petitioner's motion(s), filed June 25, 2012

5     (ECF No. 25), is deemed timely.

6     Furthermore, IT IS HEREBY RECOMMENDED that:

7     1.     The motion to dismiss (ECF No. 16) be granted;

8     2.     The motion for an evidentiary hearing (ECF No. 29) be denied;

9     3.     The District Court decline to issue a certificate of appealability.

10     These findings and recommendations are submitted to the United States District

11     Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

12     eight (28) days after being served with these findings and recommendations, any party may file

13     written objections with the court and serve a copy on all parties.  Such a document should be

14     captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

15     objections shall be served and filed within twenty-eight (28) days after service of the objections.

16     The parties are advised that failure to file objections within the specified time may waive the

17     right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18     DATED: May 7, 2013.

19

20     _____

21     ALLISON CLAIRE
       UNITED STATES MAGISTRATE JUDGE

22

23     AC:rb/clar3334.fr

24

25

26

15